**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2908
_____

UNITED STATES OF AMERICA

v.

DONTRACE BLAINE,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:21-cr-00159-002)
U.S. District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2025
_____

Before: SHWARTZ, MATEY, and FREEMAN, Circuit Judges.

(Filed: May 16, 2025)
_____

OPINION[*]
_____


SHWARTZ, Circuit Judge.

_____

  [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Dontrace Blaine appeals his conviction for assault with a dangerous weapon. His counsel has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). Because there are no nonfrivolous issues warranting relief, we will grant his counsel's motion and affirm.

I

While he was incarcerated for a crime of violence,[1] Blaine beat another inmate with a combination lock concealed in cloth while his co-defendant stabbed the inmate, causing the inmate significant injuries. A grand jury indicted Blaine for assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) and 2, and possession of contraband in prison in violation of 18 U.S.C. § 1791(a)(2) and (d)(1)(B).

Blaine pleaded guilty to the assault charge. At his plea hearing, the District Court confirmed Blaine's competence and that he had not been coerced into pleading guilty. After explaining and confirming Blaine's understanding of the charges, his trial rights, the penalties, and the sentencing guidelines, the Court accepted the plea.

At sentencing, the District Court determined that the Guidelines base offense level was fourteen and that two separate four-level increases for use of a dangerous weapon and causing bodily injury and a three-level decrease for acceptance of responsibility

---

[1] In 2013, Blaine was convicted of second-degree murder while armed and possessing a firearm during a crime of violence and was sentenced to 288 months' imprisonment. While serving this sentence, he was convicted of possessing contraband—a shank—and was sentenced to an additional ten months' imprisonment.

applied, resulting in a total offense level of nineteen.[2]  With a criminal history category of IV, the Court determined that Blaine's Guidelines range was 46 to 57 months' imprisonment.  Blaine filed two pro se motions for downward departures based on the conditions of his confinement, which were denied for a lack of a Guidelines basis.  Through counsel, Blaine also sought a downward variance based on, among other things, a then-proposed Guidelines amendment that would reduce his criminal history category.[3]  The Government supported the variance based on this forthcoming amendment and thus asked the Court to impose a sentence within the range for a criminal history category III offender of 37 to 46 months' imprisonment.  The District Court granted the variance given the imminent amendment and sentenced Blaine to thirty-seven months.[4]

Blaine appeals and his counsel moves to withdraw under Anders.[5]

---

[2] At the hearing, Blaine sought to object to the dangerous weapon enhancement, but his counsel and the District Court explained that he had stipulated to the enhancement in his plea agreement and that there was no basis to argue that he had not used a dangerous weapon.  Blaine also initially objected to the bodily injury enhancement but withdrew the objection for lack of a "legitimate argument."  App. 76.

[3] See U.S.S.G. App. C, Amend. 821 (adopted Nov. 1, 2023).

[4] Specifically, the Court explained that he imposed the sentence based on (1) the use of a dangerous weapon, (2) Blaine's significant criminal history, (3) Blaine's conduct while incarcerated, (4) the serious and violent nature of the assault, and (5) the need to (a) promote respect for the law, (b) provide Blaine with just punishment, (c) avoid unwarranted sentencing disparities, and (d) deter Blaine and others from similar criminal conduct.  The Court rejected Blaine's variance requests based on his conditions of confinement and his co-defendant's 31-month sentence because Blaine's conditions of confinement were the result of his poor conduct while incarcerated and the sentencing disparity was because Blaine's criminal history was more significant than that of his co-defendant.

[5] Blaine filed three letters raising appellate issues.

II[6]

Our local rules allow a criminal defendant's appellate counsel to file a motion to withdraw and an accompanying brief under <u>Anders</u> when she concludes, upon review of the record, that "the appeal presents no issue of even arguable merit."  3d Cir. L.A.R. 109.2(a).  When counsel submits an <u>Anders</u> brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted); <u>see also</u> <u>United States v. Brookins</u>, 132 F.4th 659, 665-66 (3d Cir. 2025).[7]

A

To determine whether counsel has fulfilled her <u>Anders</u> obligations, we examine her brief to see if it (1) shows that she thoroughly examined the record in search of appealable issues and identified those that arguably support the appeal, <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000), and (2) explains why all issues identified are frivolous, <u>United States v. Marvin</u>, 211 F.3d 778, 780-81 (3d Cir. 2000); <u>see also</u> <u>Brookins</u>, 132 F.4th at 666.  Blaine's counsel has fulfilled these obligations.

---

[6] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.  In conducting an <u>Anders</u> analysis, we exercise plenary review to determine whether there are any nonfrivolous issues for appeal.  <u>Penson v. Ohio</u>, 488 U.S. 75, 80-83 & n.6 (1988).

[7] An issue is frivolous if it "lacks any basis in law or fact."  <u>McCoy v. Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 438 n.10 (1988); <u>see also</u> <u>Brookins</u>, 132 F.4th at 665 (observing that "[i]f there is an issue that is 'arguable' on its merits, then the appeal is not frivolous").

Because Blaine pleaded guilty, his counsel correctly recognizes the appealable issues here are limited to (1) the District Court's jurisdiction; (2) the voluntariness of his plea; and (3) the reasonableness of his sentence. See Menna v. New York, 423 U.S. 61, 62 (1975) (per curiam); United States v. Broce, 488 U.S. 563, 569 (1989); 18 U.S.C. § 3742. Counsel's brief explains why jurisdiction exists, why any challenge to Blaine's plea or sentence would be frivolous, and why none of the issues Blaine raised in his pro se letters are nonfrivolous. Accordingly, because the brief thoughtfully explains why the possible appealable issues are frivolous, Blaine's counsel has fulfilled her Anders obligations. Youla, 241 F.3d at 300.

B

We next independently review the record to confirm that no nonfrivolous appealable issues exist. When, as here, counsel satisfies Anders's requirements, "we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022). As explained below, any challenge to the District Court's jurisdiction or to Blaine's plea or sentence would be frivolous, and none of the issues Blaine identified in his pro se letters support his appeal.

First, the District Court had jurisdiction because Blaine was charged with a federal offense, namely assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3)

5

and 2.[8]  See 18 U.S.C. § 3231.  Thus, any challenge to the District Court's jurisdiction would be baseless.

Second, any challenge to the voluntariness of Blaine's plea would lack merit.  The Constitution and Federal Rule of Criminal Procedure 11 require courts, before accepting a guilty plea, to

> advise the defendant . . . of the waiver of certain constitutional rights[,] . . . the nature of the charges to which he . . . is pleading guilty, the "maximum possible penalty" to which he . . . is exposed, [and] the court's "obligation to apply the Sentencing Guidelines,"

as well as its discretion to depart from them.  United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (quoting Fed. R. Crim. P. 11(b)).

The District Court's plea colloquy met these requirements.[9]  The Court placed Blaine under oath, confirmed Blaine's competence, explained that the Government could use any statement he made against him, and then ensured he understood his constitutional rights, including his rights to (1) plead not guilty and proceed to trial with the assistance of counsel who could confront, cross examine, and subpoena witnesses; (2) testify or not testify at trial; and (3) be presumed innocent unless the Government proved his guilt beyond a reasonable doubt.  The Court also confirmed Blaine understood the offense to which he was pleading guilty, the penalties he might face, and the Court's discretion

---

[8] Our review of jurisdictional issues is plenary.  United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).

[9] Because there were no objections to the plea before the District Court, we review for plain error.  United States v. Vonn, 535 U.S. 55, 59 (2002).

under the Sentencing Guidelines. The Court determined that Blaine had not been coerced into entering his plea and that there was a factual basis for the plea. Thus, the record shows that the plea complied with the Constitution and Rule 11 and supports the Court's finding that the plea was knowing and voluntary. Therefore, there is no issue of arguable merit concerning the plea's validity.

Third, Blaine lacks any basis to challenge the reasonableness of his sentence.[10] Blaine's sentence is procedurally reasonable because the District Court (1) accurately calculated the applicable Guidelines range, (2) expressly denied Blaine's pro se departure motions,[11] and (3) meaningfully considered all the relevant 18 U.S.C. § 3553(a) factors,

---

[10] Because Blaine did not object to the procedural reasonableness of his sentence before the District Court, we review for plain error. United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We review the substantive reasonableness of his sentence for abuse of discretion. United States v. Pawlowski, 27 F.4th 897, 911 (3d Cir. 2022).

[11] The District Court explained that it was "not aware of any section of the [G]uidelines" that permitted a sentencing court to depart based on an offender's pre-sentence placement in solitary confinement. App. 77. We have jurisdiction to review that legal conclusion as it suggests that the Court believed it lacked the authority to depart on that basis. United States v. Stevens, 223 F.3d 239, 247 (3d Cir. 2000). There is disagreement "among the district courts of this Circuit over the propriety and wisdom of considering the conditions of confinement as a basis for downward departures," but several courts have ruled "that granting a departure on this ground is not categorically foreclosed." Id. at 248 n.9 (internal quotation marks and citation omitted). Nevertheless, departures based on factors not expressly set forth in the Guidelines should be "highly infrequent." Koon v. United States, 518 U.S. 81, 96 (1996) (quoting U.S.S.G. ch. 1, pt. A, p.6 (1995)). This principle, plus the District Court's (1) correct observation that incarcerated offenders "do[] not have a right to any particular placement in the institution," App. 77; see Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000), (2) consideration of Blaine's request for a variance based on his confinement conditions, and (3) observation that the restrictiveness of these conditions was due to his own conduct,

7

See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). Moreover, given the District Court's detailed explanation for its sentence, see supra note 4, including its recognition of the violent nature of the crime, Blaine's conduct while in prison, and his criminal history, we cannot say that no reasonable sentencing court would impose the same sentence. See United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Therefore, any challenge to the reasonableness of Blaine's sentence would be baseless.

Finally, none of the issues Blaine identified in his pro se letters are nonfrivolous. In two of the letters, Blaine claims that his trial counsel rendered ineffective assistance, but generally such an argument is not properly raised on direct appeal. United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003). In the third letter, Blaine seeks assistance in filing a motion for a reduction of sentence imposed for his prior conviction under 18 U.S.C. § 3582,[12] but this request is not related to the judgment on appeal, and to the extent Blaine challenges any aspect of an order entered in a different case, he was required to file a timely appeal of that order. See United States v. Tabor Ct. Realty Corp., 943 F.2d 335, 342 (3d Cir. 1991) (explaining that "a party aggrieved by a decision of the district court must file an appeal in order to receive relief from the decision").

Accordingly, there are no nonfrivolous issues to raise on appeal.

---

lead us to conclude that there was no plain error in denying the departure motions based on Blaine's confinement conditions.

[12] United States v. Blaine, No. 15-038 (W.D. Pa. filed Dec. 8, 2015).

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.